Hugh S. Coyle, J.
In this action for declaratory judgment and injunctive relief plaintiff, a domestic corporation engaged in developing real property in the Town of Newburgh, Orange County, New York, moves for an order under rule 113 of the Rules of Civil Practice striking defendants’ answer and granting summary judgment.
Leave to file a brief and to orally argue in support of the motion has been granted to New York State Home Builders Association, Inc.
Plaintiff acquired 25 acres of land located in the Town of Newburgh, and prepared a subdivision map showing a proposed plottage of 46 lots, meeting in this respect the subdivision requirements of the town.
*1005 Defendant Planning Board, after public hearing, preliminarily approved the said subdivision plat on December 10, 1959, and subsequently issued final approval to the subdivision conditioned upon a payment of $2,300 by plaintiff, representing a $50 payment for each of the proposed lots, which sum plaintiff refused to pay. This determination was made pursuant to regulations adopted by the Town Board, known as paragraph 2 of section E of article 6 thereof adopted August 3, 1959, under the authority contained in subdivision 1 of section 277 of the Town Law, as amended.
The validity of the enabling act and the regulation of land development adopted by defendant Town Board pursuant thereto are attacked on constitutional grounds.
That portion of section 277 of the Town Law, as amended by chapter 846 of the Laws of 1959, here attacked, reads as follows: ‘ ‘ If the planning board determines that a suitable park or parks of adequate size can not be properly located in any such plat or is otherwise not practical, the board may require as a condition to approval of any such plat a payment to the town of an amount to be determined by the town board, which amount t.shall be available for use by the town for neighborhood park, playground or recreation purposes including the acquisition of property.” (Italics ours.)
The regulations adopted by the Town Board under the foregoing authority read as follows:
“ 1. Where deemed essential by the Board upon consideration of the particular type of development proposed in the subdivision, and especially in large scale developments, the Board may require the dedication or reservation of sites of a character, extent and location for the needs created by such a development for playgrounds or parks. In no case shall the Board require more than 10% of the gross area of the subdivision be so dedicated. The minimum area acceptable in fulfillment of this provision shall not be less than three acres. Open spaces of a lesser area may be approved when the difference may be made up in connection with the future subdivision of adjacent land.
“ 2. In cases where the Board finds that due to size, topography or location of a subdivision, the requirement for land dedication would be unreasonable or undesirable, or in the event that the Board requires less than 10% of the gross area of the subdivision to be so dedicated, the Board shall waive the requirement for the dedication of 10% of the gross area or such portion thereof as it deems suitable. In the event that such dedication is wholly waived, it shall require that a deposit of $50.00 for each proposed lot in the subdivision be paid into *1006 a .special fund for the future acquisition and/or improvement of recreational facilities in the Toion. If an area of less than 10% of the gross area of the subdivision is required to be dedicated for recreational purposes, the amount of $50.00 per proposed lot required to be deposited shall be reduced to an amount which will bear the same proportion to the total of $50.00 per lot as the amount of land required to be dedicated for recreational purposes bears to 10% of the gross area of the subdivision. And such funds used for no other purposes.” (Italics ours.)
It is claimed that no fact question exists and that only questions of law are here presented. An examination of the papers submitted support this view. Defendants have raised as an affirmative defense the question of waiver in that plaintiff by requesting approval of its subdivided plat relinquished its right to challenge the subsequent action taken by the plaintiff board. With this the court cannot agree. A primary requisite to the submission of a constitutional question to judicial test is that the party raising the issue be affected. (People v. Beakes Dairy Co., 222 N. Y. 416.) The general rule that a party cannot rely upon a statute and attack its constitutionality does not apply where, as here, the constitutional question is raised by way of a separate action independent of a proceeding to review a determination made upon an application under the statute. (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N Y 2d 508; Baddour v. City of Long Beach, 279 N. Y. 167.)
The proper way to raise the question of the constitutional propriety of the statute and regulation question is, as here, in an action for a declaratory judgment. (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, supra; Lyons & Co. v. Corsi, 3 N Y 2d 60, 66-67; Baddour v. City of Long Beach, supra, p. 177; Vernon Park Realty v. City of Mt. Vernon, 307 N. Y. 493; Dowsey v. Village of Kensington, 257 N. Y. 221, 228.)
No question is raised in these proceedings as to the right of the Legislature and the town to authorize the Town Planning Board to require as a condition of its approval of a plat that the plat show “in proper cases” a park or parks _ suitably located for playgrounds or other recreational purposes and that the parks shall be of reasonable size for neighborhood playgrounds or other recreational uses (see Matter of Lake Secor Development Co. v. Ruge, 141 Misc. 913). The Planning Board determined that a suitable park or parks of adequate size could not be properly located on plaintiff’s land or that it was not otherwise practical to do so. It could not legally *1007 require dedication of more than 10% of the gross area under the regulations and the minimum area acceptable could not be less than three acres.
The basic issue is then whether the Legislature may constitutionally provide for the payment of money as a condition to approval of a subdivision plat in an amount to be determined by the Town Board “ which amount shall be available for use by the town for neighborhood park, playground or recreation puroposes including the acquisition of property ” in lieu of the reservation of land.
This grant of power under section 277 of the Town Law, as amended, is not necessarily, if at all, for the benefit of the future residents of the area covered by the plat in connection with which the payment is required. By the statute, as amended, the charge is made for the benefit of the town as a whole. Use of the payment is restricted only “ for neighborhood park, playground or recreation purposes including the acquisition of property.” It can be so used in any section of the town at any time and for any such recreational purpose, including, for example, support of a Summer, annual, or general recreation program not directly related to the development of the subdivision. It may be spent before the development of the subdivision is undertaken or completed. In effect, the statute as amended compels a landowner who proposes to subdivide to pay more than his proportionate share of the moneys to be spent on parks, playground and recreational facilities for the town as a whole.
The defendants are given the right, under the statute, to require the payment of an “ amount to be determined by the town board, which amount shall be available for use by the town for neighborhood park, playground or recreation purposes ”. By the phrase “ the board may require ” the board is given absolute discretion to apply or not to apply the condition of payment. It is not bound to use the money so charged for acquisition of land for a park, it may apply it to any “ recreational purposes ”. Such a grant is vague, indefinite and uncertain. The validity of a delegative statute must be judged, not by what has been done under its enablement, but what may be done. (People v. Klinck Packing Co., 214 N. Y. 121.)
There is no question raised here as to the fact that legislative power may be delegated to a political subdivision of the State. (City of Rochester v. Simpson, 134 N. Y. 414.) The delegation however must be within certain reasonable limitations. There must be standards to guide the holders of the delegated power and to reasonably apprise them of the intent of the Legislature *1008 in enacting the law to be applied (Matter of City of Utica v. Water Pollution Control Bd., 5 N Y 2d 164). In the absence of standards sufficient to indicate the breadth of the legislative intent, delegative legislation is void. (Packer Collegiate Inst. v. University of State of N. Y., 298 N. Y. 184; Matter of Small v. Moss, 279 N. Y. 288.) In the latter case at page 299 the court states: ‘ ‘ The Legislature must set bounds to the field, and must formulate the standards which shall govern the exercise of discretion within the field.”
The mandate of the statute as to the preservation of the fund is difficult, if not impossible of accomplishment legally under the laws governing budgetary limitations and use of town funds.
The statute at issue fails to set out standards or tests. It is here impossible to discover precisely what authority was intended to be turned over and subjects the grantees of the legislative power to no limitation, either expressed or implied, in the exercise of their discretion, except as found in the language of the statute itself.
That portion of the statute, section 277 of the Town Law designated as chapter 846 of the Laws of 1959, as it now exists, in this court’s view permits the taking of property without due process of law and amounts to denial of equal protection of the laws and violates the provisions of the Fifth Amendment of the United States Constitution and of sections 6 and 7 of article I of the Constitution of the State of New York and must therefore be declared illegal, null and void. It follows that the regulations promulgated thereunder are likewise illegal, null and void.
. Plaintiff’s motion for summary judgment is granted and the court holds that so much of the provisions of section 277 of the Town Law as amended by chapter 846 of the Laws of 1959 is wholly without force and effect, illegal, null and void and unconstitutional; and that so much of the regulations of the Town of Newburgh, as are enacted pursuant to section 277 of the Town Law as amended by chapter 846 of the Laws of 1959 are wholly without force and effect, illegal, null, void and unconstitutional. Defendants are enjoined from enforcing the resolution of defendant Towm Planning Board of January 10, 1960 insofar as it conditions the affixing of its final approval to the subdivision plan and map by requiring plaintiff to pay to the defendant town the sum of $2,300; and the defendants are further enjoined from enforcing or threatening to enforce the payments in lieu of land dedication provisions in the resolution adopted by defendant Town Board on August 3, 1959.