AUNT HACK RIDGE ESTATES, INC., ET AL. *v.* PLANNING COMMISSION OF THE TOWN OF DANBURY ET AL.

SUPERIOR COURT FAIRFIELD COUNTY FILE NO. 119749
AT BRIDGEPORT

Memorandum filed April 3, 1967

 

*Rocco E. LaCava,* of Danbury, for the named plaintiff.

*Shulansky, Cohn & Williams,* of Hartford, for the plaintiff Hartnett.

*Wilson, Hanna & Wanderer,* of Danbury, for the defendants.

DEVLIN, J. The facts are not in dispute. The question involves the constitutionality of § 2.7 of the city of Danbury planning regulations, which provides: "The commission may require that a plan of subdivision show an area for park or playground. Such an area, if required, shall be at a rate of not more than four per cent of the total area to be approved for subdivision, but not less than 10,000 square feet. The area shall, in the opinion of the commission, be suitable for recreational use and located so as to fit in with a townwide recreation plan; it may be required to be contiguous with open spaces of neighboring subdivisions. It shall in all cases be available and accessible to all residents of the subdivision. The commission may accept voluntary contributions of land in excess of the above requirements. The commission may accept cash contributions at the rate of $60.00 per lot in lieu of the land requirement described in this paragraph, where this will better serve the public interest. Any monies so received shall be deposited in a special fund solely for the purpose of acquiring land for parks or playgrounds for use of residents of the Town of Danbury. Such a cash contribution may be made for the total number of lots in the sub-

division, prior to approval, or a bond may be posted with the commission to be reduced by payment on each lot as it is sold."

Claim is made that the land requirement of the regulation violates the constitution of the United States and of the state of Connecticut in that it is confiscatory and amounts to a taking of private property without the payment of just compensation; it is void because it is vague and uncertain; it is a deprivation of property rights without due process of law; and it exceeds the legislative authority granted in General Statutes § 8-25.

The validity of zoning in general and the power to reasonably restrict the use of land seems to have been firmly established. *Euclid* v. *Ambler Realty Co.*, 272 U.S. 365. All property is held subject to the right of the government to regulate its use in the exercise of the police power so that it shall not be injurious to the rights of the community, or so that it may promote health, morals, safety and welfare. Incidental damage to property resulting from governmental activities or from laws passed in the promotion of the public welfare is not considered a taking of property for which compensation must be made. *State* v. *Hillman*, 110 Conn. 92, 104, 105; *DePalma* v. *Town Plan Commission*, 123 Conn. 257, 267; *Ayres* v. *City Council of Los Angeles*, 34 Cal. 2d 31. And the constitutionality of statutes creating a planning board and investing it with authority to effect the adoption of a master plan for the municipality, to adopt regulations governing the subdivision of land, and to approve plots showing streets and highways has been upheld. *Mansfield & Swett, Inc.* v. *West Orange*, 120 N.J.L. 145.

General Statutes § 8-25, providing for subdivisions of land by a municipal planning commission,

is found to be a constitutional exercise of power. Insofar as parks are concerned, the statute provides: "Such regulations shall also provide that the commission may provide open spaces for parks and playgrounds when, and in places deemed proper by the planning commission, which open spaces for parks and playgrounds shall be shown on the subdivision plan." The question then presented is whether § 2.7 of the regulations exceeds the legislative authority granted.

Provision is made for an allocation of not more than 4 percent of the total area, with a minimum of 10,000 square feet, located so as to fit in with a townwide recreational plan, and contiguous with open spaces of neighboring subdivisions if necessary. It is to be available and accessible to all residents of the subdivision. Substantially, this comes within the ambit set out in the statute and is a valid exercise of the power delegated.

Provision is also made for the acceptance of cash contributions in lieu of the land requirement, and the moneys so received shall be deposited in a special fund solely for the purpose of acquiring land for parks or playgrounds for use of residents of the town of Danbury. The purpose of the statutes regulating the subdivision of land is to promote the orderly and planned growth of relatively undeveloped areas within a municipality. Since the subdivision invariably increases the value of the land in the aggregate to the subdivider, it also imposes new burdens on the municipality. It is upon this theory that the developer may be required to assume those costs which are specifically and uniquely attributable to his activity and which would otherwise be borne by the public. Any moneys collected, however, must be specifically confined and limited to the direct benefit of the regulated sub-

division. There is no such limitation in this case, as the regulation permits the purchase of land anywhere "for use of residents of the Town of Danbury." This provision of the regulation amounts to a tax and is unconstitutional.

Claim is made that General Statutes § 8-22 permits the acceptance of money in lieu of the land requirement, but the court is unable to find such a possible construction. Section 8-25 grants no such power.

The case was presented on an agreed state of facts seeking a declaratory judgment on constitutional questions. As pointed out in *Avonside, Inc.* v. *Zoning & Planning Commission,* 153 Conn. 232, 239, relief should be sought in an action claiming damages in the amount illegally exacted, and the validity of the regulation then put in issue.

Counsel for the plaintiffs will submit an amendment for relief in accordance with this suggestion, and judgment will then enter for the recovery of $960, the amount held in escrow.