QUESTION: May the City of North Miami Beach adopt an ordinance requiring land developers undertaking projects within that city to dedicate to the public for park purposes a portion of the land being developed?
SUMMARY: As a Dade County municipality, the City of North Miami Beach is authorized by s. 166.021, F. S., of the Municipal Home Rule Powers Act to adopt an otherwise valid ordinance requiring land developers to dedicate to the public for park purposes a portion of the land they are developing within that city as a condition precedent to obtaining subdivision plat approval from the city, provided that such ordinance is not inconsistent with the charters of the City of North Miami Beach or Dade County and the subject upon which such ordinance operates has not been preempted to Dade County by the Dade County Charter. Any question as to the constitutional validity of such an ordinance, if adopted, may only be answered by the courts. Section 177.081, F. S., requires a plat of a subdivision filed for record to contain a dedication by the developer and provides that, unless otherwise stated, "all streets, alleys, easements, rights-ofway, and public areas" shown on a plat of a subdivision which has been approved and recorded "shall be deemed to have been dedicated to the public for the uses and purposes thereon stated." See also s.177.071, F. S., as amended by Ch. 76-110, Laws of Florida. However, neither this section nor any other provision of the Florida Statutes specifically requires the dedication of land for park purposes as a condition precedent to plat approval. Such statutes have been enacted in other jurisdictions. See Associated Home Builders, Inc. v. Walnut Creek, 4 Cal.3d 633, 94 Cal.Rptr. 630,484 P.2d 606 (1971); Frank Ansuini, Inc. v. Cranston,264 A.2d 910 (R.I. 1970); Jenad, Inc. v. Scarsdale, 18 N.Y.2d 78,271 N.Y.S.2d 955, 218 N.E.2d 673 (1966); Billings Properties, Inc. v. Yellowstone County, 144 Mont. 25, 394 P.2d 182 (1964); Coronado Development Co. v. McPherson, 189 Kan. 174, 368 P.2d 51 (1962); Pioneer Trust Savings Bank v. Mt. Prospect, 22 Ill.2d 375,176 N.E.2d 799 (1961), construing statutes of other states which require dedication of land for certain purposes; see, generally, 11 McQuillin Municipal Corporations s. 33.23a, p. 671; Annot., 43 A.L.R.2d 863 (1972); and Note, Mandatory Dedication of Land by Land Developers, 26 U.Fla.L.Rev. 41 (1973). Thus, the determination of your question involves an examination of general municipal powers. In Admiral Development Corp. v. City of Maitland, 267 So.2d 860 (4 D.C.A. Fla., 1972), it was held that the adoption of a city ordinance requiring that at least 5 percent of the gross area of lands to be subdivided within the city be dedicated for park and recreation purposes, or that, if the land to be subdivided was too small for a park or recreation area, a sum equal to 5 percent of the value of the gross area be paid, was beyond the scope of the city's authority under its charter. In so holding, the court quoted 23 Fla. Jur. Municipal Corporations s. 63, pp. 87-88, for the traditional rule that a municipal corporation possesses and can exercise only such powers as are granted in express words or necessarily implied in powers expressly conferred. The court also relied on the Florida Supreme Court's statement in City of Miami Beach v. Fleetwood Hotel, Inc.,261 So.2d 801 (Fla. 1972), which dealt with the validity of a municipal rent control ordinance, that the paramount law of a municipality is its charter and that a municipality "in the absence of specific delegation of power, cannot engage in any undertakings not directed immediately to the accomplishment" of the purposes of local government. Applying these rules to the factual situation confronting it, the court in Admiral Development Corp. opined as follows: Unquestionably, the City has the authority to enact ordinances to enforce the provisions of its charter; but nowhere in the cited sections of the charter do we find any provision expressly or impliedly authorizing the establishment of prerequisites to or condition precedents for the subdividing of lands within the city. That is not to say that such authorization or power cannot be conferred upon the City by appropriate legislative action; but merely that the present provisions contain no such authorization. [267 So.2d at 862, 863.] The court also found the particular ordinance under review to be overbroad. Subsequent to the decision in Admiral Development Corp., the Florida Legislature, in reaction to the Florida Supreme Court's decision in City of Miami Beach v. Fleetwood Hotel, Inc., supra, enacted Ch. 73-129, Laws of Florida, the Municipal Home Rule Powers Act (Ch. 166, F. S.), for the express purpose of securing to municipalities the broad exercise of home rule powers granted by s. 2(b), Art. VIII, State Const. According to s.166.021(1) of that act, . . . municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law. See also s. 166.021(2) defining "municipal purpose" to mean "any activity or power which may be exercised by the state or its political subdivisions"; and s. 166.021(3). In City of Miami Beach v. Forte Towers, Inc., 305 So.2d 764 (Fla. 1974), which again involved the validity of a municipal rent control ordinance, the Florida Supreme Court upheld the constitutionality of s. 166.021. In a special concurring opinion (which apparently expressed the view of the court with respect to the validity of s. 166.021), Justice Dekle, citing cases from other jurisdictions and treatise authority, first concluded that the adoption of a rent control ordinance in appropriate circumstances is a proper municipal purpose and then stated that the broad grant of municipal home rule powers contained in s. 166.021 includes "the power to enact rent control ordinances in appropriate circumstances, thereby providing the missing authority required by Fleetwood Hotel."305 So.2d at 766-767. Justice Dekle went on to discuss specifically the effect of s. 166.021 on a municipality in Dade County, stating that a Dade County municipality may exercise the additional powers conferred on municipalities by that section unless such exercise is inconsistent with the municipality's charter or the Dade County Charter or the subject upon which such exercise is to operate has been preempted to Dade County pursuant to the Dade County Charter, see s. 166.021(3)(d). 305 So.2d at 767-768. Likewise, with respect to the instant question, it would appear that the adoption of an otherwise valid municipal ordinance requiring land developers to dedicate a portion of their land for park purposes as a precondition to obtaining subdivision plat approval may be a proper municipal purpose. See Associated Home Builders, Inc. v. Walnut Creek, 4 Cal.3d 633, 94 Cal.Rptr. 630, 484 P.2d 606 (1971); Jordan v. Menomonee Falls, 28 Wis.2d 608, 137 N.W.2d 442 (1965), appeal dismissed, 385 U.S. 4; People ex rel. Exchange National Bank of Chicago v. City of Lake Forest, 40 Ill.2d 281,239 N.E.2d 819 (1968); and 11 McQuillin Municipal Corporations s. 33.23a, p. 671. Moreover, it would appear that s. 166.021, F. S., as upheld by the Florida Supreme Court in City of Miami Beach v. Forte Towers, Inc., supra, has provided municipalities the general authority to adopt otherwise valid mandatory dedication ordinances which was found lacking in Admiral Development Corp. Cf. AGO 073-267. Thus, I am of the opinion that, as a Dade County municipality, the City of North Miami Beach may adopt an otherwise valid mandatory dedication ordinance, provided that such ordinance is not inconsistent with the charter of the City of North Miami Beach or the Dade County Charter, and that the subject to which the ordinance pertains has not been preempted to Dade County by the Dade County Charter. As to whether the particular mandatory dedication ordinance which the City of North Miami Beach may adopt would be otherwise valid, such question may be answered only within the context of appropriate judicial proceedings when necessary to determine a justiciable controversy. See Wiggins v. City of Jacksonville, 311 So.2d 406 (1 D.C.A. Fla., 1975); cf. Contractors and Builders Ass'n v. City of Dunedin, 329 So.2d 314
(Fla. 1976), concerning the validity of a municipal ordinance authorizing impact fees for the privilege of connecting to the municipal water and sewer system. Issues which may arise in such a controversy include whether the ordinance in question constitutes a taking of property without due process of law as prohibited by s. 9, Art. I, and s. 6, Art. X, State Constitution, and Amendments5 and 14, United States Constitution; see Jordan v. Menomonee Falls, supra; and Billings Properties, Inc. v. Yellowstone County,144 Mont. 25, 394 P.2d 182 (1964); whether such ordinance is overbroad or arbitrary; see Admiral Development Corp. v. City of Maitland, supra; and Frank Ansuini, Inc. v. Cranston, 264 A.2d 910
(R.I. 1970); and whether such ordinance is reasonably related to the purposes for which it was adopted; see Carlann Shores, Inc. v. City of Gulf Breeze, 26 Fla.Supp. 94 (1st Jud. Cir., 1966); and Aunt Hack Ridge Estates, Inc. v. Planning Com. of Danbury,27 Conn. Sup. 74, 230 A.2d 45 (1967). As the court stated in Admiral Development Corp., 267 So.2d at n. 3, a review of the decision in Associated Home Builders v. City of Walnut Creek, supra, may be useful in the consideration of any proposed mandatory dedication ordinance. I also draw your attention to the proposed enabling statute set out in the Note, Mandatory Dedication of Land by Land Developers, 26 U.Fla.L.Rev. 41, 57 (1973).