## No. 27183

**Cimarron Corporation, a Colorado corporation for and on behalf of itself and all others similarly situated; and Homebuilders Association of Metropolitan Colorado Springs, a Nonprofit Colorado corporation, for and on behalf of the members of that association v. The Board of County Commissioners of the County of El Paso; School District No. RJ1 in the County of El Paso, State of Colorado; School District No. 2 in the County of El Paso, State of Colorado; School District No. 3 in the County of El Paso, State of Colorado; School District No. 8 in the County of El Paso, State of Colorado; School District No. 11 in the County of El Paso, State of Colorado; School District No. 12 in the County of El Paso, State of Colorado; School District No. 14 in the County of El Paso, State of Colorado; School District No. 20 in the County of El Paso, State of Colorado; School District No. 22 in the County of El Paso, State of Colorado; School District No. 23J in the County of El Paso, State of Colorado; School District No. 28 in the County of El Paso, State of Colorado; School District No. 49 in the County of El Paso, State of Colorado; School District No. 54J in the County of El Paso, State of Colorado; School District No. 60J in the County of El Paso, State of Colorado; School District No. 100J in the County of El Paso, State of Colorado; School District No. RE2J in the County of El Paso, State of Colorado; and The Board of El Paso County Park and Recreation District — The State of Colorado.**

(563 P.2d 946)

Decided May 9, 1977.

Robert Dunlap, for plaintiffs-appellants.

Floyd, Kramer & Lambrecht, Clark A. Floyd, for Board of County Commissioners of El Paso County.

Horn, Anderson & Johnson, Robert E. Anderson, for defendants-appellees School Districts.

Tarter, Tiedt & Sell, William R. Tiedt, for defendant-appellee El Paso County Park and Recreation District.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, James L. Kurtz-Phelan, Assistant, Natural Resources Section, for intervenor-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellants challenge the constitutional validity of section 30-28-133(4)(a), C.R.S. 1973, and the regulations adopted pursuant to that statute by appellee Board of County Commissioners of El Paso County. The El Paso County District Court generally upheld the statute and regulations. We affirm the district court judgment upholding the statute, but reverse as to certain of the regulations.

Appellants Cimarron Corporation and Homebuilders Association of Metropolitan Colorado Springs filed this action in district court on August 23, 1973, against appellees Board of County Commissioners of El Paso County, El Paso County Park and Recreation District Board, and several school districts. Appellants sued on their own behalf and on behalf of all persons who have been or will be required to submit to the subdivision regulations adopted by appellee board of county commissioners. The complaint sought a declaratory judgment that section 30-28-133(4)(a), C.R.S. 1973, and portions of sections VI (park, recreation and open space standards) and VII (school standards) of the County Subdivision Regulations were invalid. The complaint also sought return of $4,705 paid by Cimarron Corporation under protest pursuant to the challenged regulations.

Essentially, section 30-28-133(4)(a) empowers the board of county commissioners to adopt subdivision regulations providing for the acquisition of school and park sites to serve proposed subdivisions. Accordingly, the El Paso county commissioners adopted regulations on this subject on August 3, 1972, and amended them on August 3, 1973. The parties stipulated that these regulations had been applied to every subdivision and that the county commissioners had required dedication of land, payment of money, or both from every subdivision. Funds so required were not retained by the county commissioners but were paid to the park board or school district board.

On these facts and on briefs submitted by the parties, the district court held the statute and regulations constitutional. The court held, however, that the regulations directing that funds required in lieu of land be paid to the park board or school board violated the statutory direction that such funds be held by the county commissioners.

Appellants assail the constitutionality of section 30-28-133(4)(a) on the grounds that it is an invalid exercise of the police power and that it delegates legislative power to the county commissioners. Appellants attack the subdivision regulations as inconsistent with the statute, an invalid exercise of the police power, and violative of due process of law.

I.

Section 30-28-133(4)(a), C.R.S. 1973, provides:

"Subdivision regulations adopted by the board of county commissioners pursuant to this section shall also include, as a minimum, provisions governing the following matters:

"(a) Sites and land areas for schools and parks when such are reasonably necessary to serve the proposed subdivision and the future residents thereof. Such provisions may include:

"(I) Reservation of such sites and land areas, for acquisition by the county;

"(II) Dedication of such sites and land areas to the county or the public or, in lieu thereof, payment of a sum of money not exceeding the full market value of such sites and land areas. Any such sums, when required, shall be held by the board of county commissioners for the acquisition of said sites and land areas.

"(III) Dedication of such sites and land areas for the use and benefit of the owners and future owners in the proposed subdivision."

█ Appellants argue that the statute fails to satisfy the test for a valid exercise of the police power enunciated in *Stroud v. Aspen*, 188 Colo. 1, 532 P.2d 720. There, we held that a requirement that businesses either provide off-street parking or lease adequate parking space from the city was not per se unconstitutional, overruling *Denver v. Denver Buick, Inc.*, 141 Colo. 121, 347 P.2d 919. Aspen's ordinance providing for leasing of city facilities was struck down, however, as an improper delegation to the city manager.

Appellants rely on the statement in *Stroud* that

"* * * the improvements were of benefit to the people of Aspen as a whole and have not been for the use and benefit of the Strouds or other lessees of off-street parking. * * *"

From this language and cases in other jurisdictions, appellants conclude that land or money obtained by exercise of the police power must be used for the benefit of the affected subdivision and its residents, not for the benefit of the general public.

The principle espoused by appellants finds support in other jurisdictions. *E.g., Aunt Hack Ridge Estates, Inc. v. Planning Comm'n*, 27 Conn. Sup. 74, 230 A.2d 45; *Krughoff v. City of Naperville*, 41 Ill.App.3d 334, 354 N.E.2d 489; *Haugen v. Gleason*, 226 Ore. 99, 359 P.2d 108; *Contra, Associated Home Builders v. City of Walnut Creek*, 4 Cal.3d 633, 484 P.2d 606, 94 Cal.Rptr. 630. *See generally* Annot., 43

A.L.R.3d 862.

However, we need not decide whether the police power is so limited, as appellants urge. Whether constitutionally mandated or not, section 30-28-133(4)(a) authorizes the acquisition of school and park sites only "when such are reasonably necessary to serve *the proposed subdivision and the future residents thereof*" (emphasis added). Thus, the statute already contains the limitation which appellants advocate, and appellants' argument is misconceived.

## II.

Next, appellants argue that section 30-28-133(4)(a), in authorizing regulations for the acquisition of school and park sites "when such are reasonably necessary," is so vague as to be a delegation of legislative power to the board of county commissioners in violation of *Colo. Const.* Art. V, Sec. 1.

As noted in *Fry Roofing v. Dept. of Health*, 179 Colo. 223, 499 P.2d 1176, the modern trend favors broad grants of discretion by the legislature, because the legislature cannot be absolutely precise in all areas it seeks to regulate. Thus, we upheld a broad standard of "reasonableness" in that case, while recognizing that such a standard cannot be precisely defined. *Accord, Asphalt Paving v. County Com.*, 162 Colo. 254, 425 P.2d 289 ("reasonable" standard upheld); *Swisher v. Brown*, 157 Colo. 378, 402 P.2d 621. For the same reason, the standard in the statute challenged here — "when such are reasonably necessary" — satisfies constitutional requirements in this regard.

## III.

■ We next turn to the regulations challenged by appellants as beyond the county's authority.

We note preliminarily that counties, as political subdivisions of the state, exist only for the convenient administration of state government. *Board of County Comm. v. St. Bd. Soc. Serv.*, 186 Colo. 435, 528 P.2d 244. Counties and county officials have only the powers granted them by the legislature. *State Bd. Soc. Serv. v. Billings*, 175 Colo. 380, 487 P.2d 1110; *County Comm. v. Love*, 172 Colo. 121, 470 P.2d 861. Thus, a county ordinance or regulation exceeding the authority granted by the state is invalid. *Rosen v. Village of Downers Grove*, 19 Ill. 2d 448, 167 N.E.2d 230.

Section C.3. of the park regulations and section C.4. of the school regulations both contemplate that a petitioner for approval of a subdivision plat may be required to dedicate land, pay a fee in lieu of such dedication, or both. Section 30-28-133(4)(a)(II), however, authorizes "[d]edication of such sites and land areas * * * or, *in lieu thereof*, payment of a sum of money" (emphasis added). Appellants maintain that the statute does not permit counties to require a combination of land and money. We agree.

"In lieu" means "instead of" or "in the place of." *Black's Law Dictionary* 1073 (rev. 4th ed. 1968); *Merriam-Webster New International Dictionary* (Third Edition), p. 1306. It does not mean "in addition to." *Schlegel v. Doran*, 260 Ore. 270, 490 P.2d 163. It is clear, therefore, that these regulations exceed the county's statutory authority and are invalid.

Appellants complain that the regulations are invalid because they contain no standards or guidelines controlling the county commissioners' discretion in requiring dedication of land or payment of money. As we observed in part I, park and school sites may be reserved or dedicated and funds may be required only "when such are *reasonably necessary* to serve the proposed subdivision and the future residents thereof." (Emphasis added.) Here, as in part II, we uphold this standard as an adequate limitation on the county commissioners' powers.

Appellants attack several other county regulations as inconsistent with section 30-28-133(4)(a) or violative of due process. The record, however, contains no evidence that the challenged portions of these regulations have ever been applied against appellants or the class they represent. On such facts, a declaratory judgment is inappropriate. *Heron v. Denver*, 159 Colo. 314, 411 P.2d 314.

Finally, appellees contend that the district court erred in holding section C.2. of the park regulations and section C.3. of the school regulations inconsistent with the enabling statute and therefore invalid. These regulations provide that funds exacted in lieu of land be paid to the park or school boards. This requirement obviously conflicts with the statutory direction that such funds "be held by the board of county commissioners." Section 30-28-133(4)(a)(II). The district court correctly held that the regulations were invalid. *Rosen v. Village of Downers Grove, supra.*

As to sections VI.C.3. and VII.C.4. of the county subdivision regulations, authorizing both the dedication of land and payment of a fee, in combination, for the same subdivision, the judgment of the district court is reversed. In all other respects, the district court judgment is affirmed.

MR. JUSTICE CARRIGAN does not participate.