**CF & I STEEL CORPORATION,**
Plaintiff-Appellant,

v.

**The COLORADO AIR POLLUTION CONTROL COMMISSION, The Division of Administration, Colorado Department of Health; the Air Pollution Control Division of the Division of Administration, Colorado Department of Health, Defendants-Appellees.**

No. 77–804.

Colorado Court of Appeals,
Div. I.

Oct. 12, 1978.

Rehearing Denied Jan. 11, 1979.

Certiorari Granted March 19, 1979.

Welborn, Dufford, Cook & Brown, David W. Furgason, William C. Robb, John D. Faught, Denver, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Gregory J. Hobbs, Jr., First Asst. Atty. Gen., Janet L. Miller, Asst. Atty. Gen., Denver, for defendants-appellees.

SMITH, Judge.

The plaintiff, CF & I Steel Corporation (CF & I), appeals from a declaratory judgment in favor of defendant, the Colorado Air Pollution Control Commission (Commission). We set aside the judgment and remand with directions to dismiss the action.

CF & I brought this action to challenge the Commission's promulgation of what is known as the "fugitive dust regulation," Air Pollution Control Commission Regulation 1, § II.D. The regulation is aimed at controlling the levels of ground dust over a substantial portion of Colorado, including Pueblo County in which the plaintiff's plant is located. The regulation provides, *inter alia*, that if the level of dust-induced opacity to rays of lights reaches 20% in the regulated areas, a violation will have occurred.

CF & I, which is heavily engaged in the mining, milling, and transportation of various ores, has claimed that the regulation was not adopted according to proper procedures; that it was arbitrary and capricious; that it was in excess of the statutory authority of the Air Pollution Control Act; and that it violated CF & I's Fourteenth Amendment rights to due process and equal protection.

CF & I derives its claim to relief in this case from its status as a potential violator of the fugitive dust regulation. There is no indication in the record (composed entirely of counsel-generated documents and oral arguments) that the regulation has ever been enforced against CF & I. Indeed, there is no evidence before us—with the exception of offhand remarks by counsel in the briefs and in the oral arguments before the trial court—that the regulation has ever been enforced against anyone.

Where, as here, a challenge is made to regulations and the record contains no evidence that the challenged portions of these regulations have ever been applied against appellants, a declaratory judgment is inappropriate. *Cimarron Corp. v. Board of County Commissioners*, 193 Colo. 164, 563 P.2d 946 (1977). We have discussed this issue more fully in the companion to this case, announced this date, *Colorado-Ute Electric Association, Inc. v. Air Pollution Control Commission*, 41 Colo.App. 393, 591 P.2d 1323 (1978).

On the record before us, we can neither conclude that we have a party "aggrieved," as required by the Colorado Administrative Procedure Act, *see* § 24–4–106, C.R.S.1973, or by the Colorado Declaratory Judgment Act. *See* § 13–51–106, C.R.S.1973; *see also* C.R.C.P. 57.

We therefore set aside the judgment, and remand the cause with directions to dismiss the action.

BERMAN, J., concurs.

COYTE, J., dissents.

COYTE, Judge, dissenting:

I dissent for the reasons more fully set forth in my dissenting opinion to the companion case of *Colorado Ute v. Air Pollution Control Commission*, 41 Colo.App. 393, 591 P.2d 1323.

CF & I is an aggrieved or adversely affected party, and promulgation of this regulation constitutes final agency action subject to judicial review within the meaning of § 24–4–106(4), C.R.S.1973.

The majority emphasizes that the fugitive dust regulation has not yet been enforced against CF & I. It is not necessary for CF & I to violate the regulation and become involved in enforcement proceedings to gain standing to challenge it. The Colorado Supreme Court expressly overruled past cases requiring a person to violate a statute or regulation to achieve standing. *Colorado State Board of Optometric Examiners v. Dixon*, 165 Colo. 488, 440 P.2d 287 (1968) states:

"In these days when respect for the law and conformity to it are of prime concern to all, it seems to us inappropriate to continue to demand that one adversely affected by a law which he contends is invalid on its face violate that law in order to obtain a declaration of its validity or invalidity."

CF & I's activities as a major producer of iron and steel products, including mining, transporting, crushing, and processing raw materials, mean that its present activities and planning for future undertakings are directly affected by this regulation. CF & I has standing as an aggrieved party to challenge this final agency action, and has presented its claim in a timely and proper manner. Therefore, this court should decide the controversy on its merits.