(November 16, 1914.)

## LILLIE THIESSEN, Appellant, v. THE CITY OF LEWISTON, Respondent.

[144 Pac. 548.]

PUBLIC HIGHWAY—COMMON-LAW DEDICATION—ACCEPTANCE AND USER BY THE PUBLIC—ACCEPTANCE OF PART DEDICATION—STATUTORY DEDICATION.

    1. Where a strip of land is by parol agreement dedicated to the public for a highway, and the public by user accepts of such portion thereof as is in condition to be traveled but does not accept by user the part thereof over which travel is prevented by a steep bluff or hill; *held,* that the dedication only applies to the portion of said tract accepted and used by the public.

    2. Where obstructions are placed wrongfully upon a part of a street or highway, they do not work a forfeiture of any rights of the public to the portion of such street or highway obstructed, however long continued.

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action to quiet title to a portion of a certain street in the city of Lewiston, Idaho. Both parties appeal. Judgment *affirmed.*

Dwight Hodge, for Appellant Thiessen.

It is clear from *Boise City v. Wilkinson,* 16 Ida. 150, 102 Pac. 148, as well as *Boise City v. Hon,* 14 Ida. 272, 94 Pac. 167, and *Hanson v. Proffer,* 23 Ida. 705, 714, 132 Pac. 573, that this court is committed to the doctrine that a municipal corporation may be estopped to assert a claim to streets. The character of the acts which the municipality must have done or neglected to do may from these decisions be fairly defined to be such as indicate a disclaimer and, in the absence of estoppel, such as would work injury or practical fraud to the claimant.

Examined from this point of view, the acts of commission and omission on respondent's part cannot sustain the trial court's findings.

"Where the right to a highway depends solely upon user by the public, its width and the extent of the servitude imposed on the land are measured and determined by the character and extent of the user, for the easement cannot upon principle or authority be broader than the user." (13 Cyc. 488; *Montgomery v. Somers,* 50 Or. 259, 90 Pac. 674.)

Fred E. Butler, for Appellant City of Lewiston.

The acceptance of a dedicated highway may be either express or implied. "Where the acceptance is by long continued user, then, of course it is not necessary to produce record evidence." (Elliott, Roads & Streets, secs. 151, 153.)

It is not necessary that every foot of the dedicated highway, both in width and in length, be used as a highway; and it is not necessary that every foot of such dedicated road be worked at the public expense to show an acceptance. (*Meservey v. Gulliford,* 14 Ida. 133, 93 Pac. 780; Elliott on Roads and Streets, 2d ed., sec. 174.)

It being unnecessary to use this strip for its entire length, the respondent did not make a cut in the hill any more than it would be required to bridge a stream which crossed a public highway, until such time as it was deemed necessary by the public authorities. (*Boise City v. Hon,* 14 Ida. 272, 94 Pac. 167.)

"It is not necessary to an acceptance of an offer to dedicate land for a street that every street, or all of any street, should be forthwith opened and used when platted." (13 Cyc. 464, 465, 469; *Stewart v. Conley,* 122 Ala. 179, 27 So. 303; *Brewer v. City of Pine Bluff,* 80 Ark. 489, 97 S. W. 1034; *Augusta v. Tyner,* 197 Ill. 242, 64 N. E. 378.)

After Mr. Thompson and his grantees acted upon the express dedication of Mr. Phillips they have the right to demand that Mr. Phillips and his grantees keep their portion of the street open and especially so when the city is ready to improve.

"Where a dedication has been made, whether under statute or under the common law, and accepted by the public, it becomes irrevocable . . . . One can dedicate land as a street or alley that cannot be traveled in any manner until the proper authorities work it or prepare it for travel." (*Hanson v. Proffer,* 23 Ida. 705, 132 Pac. 573.)

TRUITT, J.—This action was commenced by the appellant, Lillie Thiessen, against the respondent, the city of Lewiston to quiet title to a certain tract of land within the limits of said city. At the time the road about which the controversy in this case arose was opened for travel, said land was not within the limits of the city, but some years ago the city limits were extended over and beyond this land. To the complaint the respondent filed its answer and specifically pleaded that the respondent city is the owner of an easement for street and highway purposes over a strip of land twenty-five feet in width and east of the west line of sec. 32, township 36 north, range 5 west of Boise Meridian, and extending from the southern line of Main street in said city in a southerly direction for a distance of forty rods, more or less, to the southern extremity of the land alleged in the complaint

to be owned by the appellant in this case, said strip being the west twenty-five feet of said land. The principal question involved in this case is whether the said city is the owner of an easement over this strip of land for street and highway purposes. The title of the other portion of the land described in the complaint is not questioned in this case. The action was duly tried by the court below, and after consideration thereof it made certain findings of fact and conclusions of law and entered a judgment in accordance therewith, wherein and whereby it was adjudged and decreed that the title to the following portion of said land be forever quieted in the plaintiff and that the defendant and its successors in interest be and forever are barred from all right, claim and title thereto, to wit: "A strip of land twenty-five feet wide off the west side of the heretofore described premises, beginning at a point 540 feet south from the point where the west line of said section thirty-two (32), township thirty-six (36) north, range five (5) west of Boise Meridian intersects the south line of said Main street, extending to the southern end of said premises." And it was further adjudged and decreed by the court, "that the defendant has a right of way for street purposes over a strip of land twenty-five feet wide off from the west side of the hereinbefore described premises, beginning at a point where the west line of said section thirty two aforesaid intersects the south line of Main street in the city of Lewiston and extending southward along said section line, a distance of five hundred and forty (540) feet." Briefly stated, the judgment and decree awards the northern 540 feet of said strip to the city for street or highway use, and quiets the plaintiff's title to the remainder of said strip extending south from the southern end of the 540 feet thereof awarded to the city. This part awarded to the plaintiff is about 125 feet in length. Both parties claim the whole of said strip of land; the plaintiff claimed title in fee to it, and the defendant claimed an easement over it for use as a street or public highway. Therefore, they were both dissatisfied with said judgment and decree. The plaintiff appealed from the part thereof unfavorable to her, and the city took a cross-

appeal as to the part thereof deemed unfavorable to it. In regard to the appeal of the city, the following stipulation was made and filed:

"It is hereby stipulated by and between the parties to the above-entitled action, by their respective attorneys, that the defendant, the city of Lewiston, may take its cross-appeal in said action entirely upon the record to be furnished by the plaintiff in said action, and that said defendant will not be required to take any steps to make up the record in said case, and shall be required duly to file its briefs within the time required of a respondent.

"Dated at Lewiston, Idaho, this 25th day of February, 1914.

"DWIGHT E. HODGE,

"Attorney for Plaintiff.

"FRED E. BUTLER,

"Attorney for Defendant."

Whether the judgment of the trial court in regard to the rights of the respective parties to the said strip of land is correct or not depends upon the correctness of its findings of fact upon which said judgment is based. And for that reason we deem it proper to give said findings to which objections are made by either party in their respective assignments of error. No objection is made to the first one of said findings, and No. 2 simply finds the plaintiff to be the owner of the land described in her complaint, and then adds that said land is "subject to easement of the defendant for street purposes hereinafter described." And to this part of said finding appellant objects. Findings Nos. 4, 5, 6, 7, and 8 are as follows:

"(4) That prior to the year 1881 one William Phillips was the owner of the tract of land described and referred to in paragraph No. 2 of these findings; that at that time one S. C. Thompson was the owner of the land lying immediately south for a distance of more than forty rods; that while the said William Phillips was the owner of said land described in paragraph No. 2 of these findings, and while S. C. Thompson was the owner of the land lying immediately west

and adjoining the land of the said William Phillips, the said William Phillips and S. C. Thompson agreed to give and dedicate, and did offer to give and dedicate to the public a highway extending from the highway now known as Main street southerly twenty-five feet in width on each side of the west line of section ·32, township 36, north, range 5 west of Boise Meridian for a distance of forty rods.

"(5) That said highway was continuously, openly and uninterruptedly traveled by the public as a highway, for a distance of 540 feet southerly from the south side of Main street for a period of more than ten years prior to January 1, 1893; that there was a fence upon each side of said highway so traveled for more than ten years prior to the year 1893.

"(6) That the remainder of the strip of land in controversy in this suit, viz., a strip of land twenty-five feet in width and about 125 feet long, measured along the west line of said property described and belonging to the plaintiff in this action and southward from the strip of land last described, and never having been used by the public as a highway, was never accepted by the defendant as a highway and never used by the public at all as a highway but was always in the open, notorious and continuous possession of the plaintiff and her predecessors in interest.

"(7) That prior to the year 1898 said strip of land twenty-five feet by 540 feet hereinbefore found to be used as a public highway has been fenced by J. D. C. Thiessen, the husband of the plaintiff, in his lifetime and by said J. D. C. Thiessen, since the time of the erection of the said fence, and this plaintiff, claimed openly, notoriously and continuously, that the telephone poles in said Twenty-first street were erected along the line of said fence; that the said defendant, since the inclusion of the property belonging to the plaintiff within the corporate limits of the city of Lewiston, has done no work upon said twenty-five strip as a public highway until the year 1913.

"(8) That ever since the erection of said fence by the said J. D. C. Thiessen, as in the preceding paragraph found, that portion of said public highway and Twenty-first street

lying immediately west of said fence has been continuously used by the public as a highway and street.''

There were a large number of witnesses called at the trial of said case and the testimony is quite voluminous. Some of the witnesses testified from their memory regarding the strip of land in controversy and the length and direction of the old traveled road between the lands of Thompson and Phillips and other matters in connection therewith, twenty-five or thirty years ago. After so many years they could not be expected to remember very clearly about these matters. However, after reading and considering all the evidence taken together, we conclude that it is sufficient to support the finding of the lower court in paragraph four of said findings to the effect that William Phillips, the owner of said land, at that time dedicated as a public highway said strip of land twenty-five feet wide and forty rods in length off the west side of the land now owned by appellant.

The question of the dedication of a street by the owner of the land to the public was before this court in *Boise City v. Hon,* 14 Ida. 272, 94 Pac. 167, and the whole subject carefully considered and numerous authorities bearing upon the proposition were referred to and reviewed. The conclusion of the court in that case is stated as follows:

''It is useless for us to cite other cases upon this proposition, but there are many well-considered cases holding that dedication is complete when a plat is filed showing streets and alleys thereon and sales are made with reference thereto, and that such dedication is irrevocable, and does not require an acceptance on the part of the city, and we will content ourselves with citing a few of those cases: *Steel v. City of Portland,* 23 Or. 176, 31 Pac. 479; *Hogue v. City of Albina,* 20 Or. 182, 25 Pac. 386, 10 L. R. A. 673; *Carter v. City of Portland,* 4 Or. 339; *Evans v. Blankenship,* 4 Ariz. 307, 39 Pac. 812; *Bartlett v. City of Bangor,* 67 Me. 460; *Great Northern Ry. Co. v. City of St. Paul,* 61 Minn. 1, 63 N. W. 96, 240.''

However, the facts in the case at bar are very different from the facts presented in *Boise City v. Hon, supra,* for in that case the land in controversy had been dedicated as a

street by being marked as such on a plat of a certain addition to Boise City. This plat had been regularly filed and sales made of lots in the addition; but in this case the dedication as claimed by the respondent, and as stated in the findings of the trial court, was an oral dedication of a strip of land for the purpose of a rural or country highway near the city of Lewiston, and as there is no writing or record in regard to a dedication of this kind such as there is in case of a dedication by the plat of a city or town, or by a written instrument of some kind, from which the intention of a dedicant can be definitely ascertained, it is sometimes difficult to determine his real intention in regard to the dedication, and the same difficulty also exists as to ascertaining the intention of the public in regard to the acceptance of such dedication. But when properly established by evidence an oral dedication is valid and binding upon the person making it when duly accepted by the public. It is announced in a note to the case of *Morgan v. Chicago & A. R. R. Co.,* 96 U. S. 716, 24 L. ed. 743, that "A parol dedication is good, as well as one by deed or by unsealed writing. . . . . An acceptance may be proved by parol, by long public use, and by acts of recognition on the part of proper public officers; or it may be presumed from the beneficial nature of the dedication." And in *Rector v. Hartt,* 8 Mo. 448, 41 Am. Dec. 650, it is held that, "The doctrine seems well-settled in America, that an owner of land may, without deed or writing, dedicate it to public uses. No particular form or ceremony is necessary in the dedication: all that is required is the assent of the owner of the land, and the fact of its being used for the public purposes intended by the appropriation." However, the respondent contends that the dedication in this case included the entire strip of land in controversy and that the trial court erred in only giving to it the said 540 feet thereof mentioned in the judgment. This presents a rather novel question, viz.: Could the public accept such part of the dedication as it might use or need for the purpose intended at that time, and tacitly decline to accept such part as it could not under the existing circumstances use? The au-

thorities all hold that to complete the dedication, it must be accepted, but, as in the matter of the dedication, no formal acceptance is required. "User by the public is a sufficient acceptance of a dedication for the purpose of a way to invest a right of way to the public." (*Buchanan v. Curtis,* 25 Wis. 99, 3 Am. Rep. 23; *Holdane v. Cold Spring,* 23 Barb. (N. Y.) 103; *Green v. Canaan,* 29 Conn. 157; *Hanson v. Taylor,* 23 Wis. 548; *State v. Tucker,* 36 Iowa, 485.) Now, if user is a sufficient acceptance of a dedication and the public only sees proper to use a portion of the land dedicated to it, and the person making such dedication acquiesces in such partial acceptance thereof, we think the dedication is complete and irrevocable as to the part of the land accepted and that the unoccupied part is not affected by the unaccepted offer to dedicate it.

In *State v. Trask,* 6 Vt. 355, 27 Am. Dec. 554, touching this point, it is said: "From what has already been said, it will be inferred, that to render a dedication to public use binding, it is necessary, not only that there be some act of dedication on the part of the owner, but there must also be something equivalent to an acceptance on the part of the public. . . . . If this position be correct, it follows that there may be an acceptance and appropriation in part, and not for the whole. A piece of land may be dedicated to public use and yet the public convenience may not require the whole of it; a part may be in fact appropriated, and the residue may by common consent, be relinquished."

In the case at bar, it was not practicable for the public to make use of the entire length of said strip of land as a road at the time of said dedication, for the reason that a steep bluff or hill obstructed the travel at a point about 125 feet from the southern end thereof. The 540 feet extending from the north end of said strip down to that point was accepted and traveled as a road continuously by the public, but at that bluff or hill the roadway turned abruptly off to the southeast away from said strip of land, and extended on in a southwesterly direction, or, according to some testimony, it passed around the bluff and then swung back and

intersected the main traveled road leading out into the Tammany and Waha country. However, that may be, the testimony proves that the road did not pass over any part of said strip of land after it turned off therefrom at said bluff. The court below at paragraph 6 of its findings says regarding this part of said strip that it "was never accepted by the defendant as a right of way and never used by the public at all as a highway but was always in the open, notorious and continuous possession of the plaintiff and her predecessors in interest."

But the appellant contends that because for a number of years the 540-foot tract which the city now claims as part of one of its streets was inclosed by a fence and obstructed by telephone poles, it should now be estopped from asserting any right or title thereto. In support of this contention, a quotation is given from 13 Cyc. 488 as follows: "But where the right to a highway depends solely upon user by the public, its width and extent of the servitude imposed on the land are measured and determined by the character and extent of the user, for the easement cannot upon principle or authority be broader than the user." We do not think this authority applies in this case, for the reason that the trial court found that there was an express dedication of said land and an acceptance thereof by the public. Therefore, as to the part that was accepted by the public for use as a road, it would take its easement over the land for the full width agreed upon by the dedication and accepted by the public. No obstructions wrongfully placed in said road would work a forfeiture of the title to the city thereto, however long they might be suffered to remain there. But as to the proposition of establishing a public road by mere user, this court in *Meservey v. Gulliford,* 14 Ida. 133, 93 Pac. 780, quotes with approval from Angell on the Law of Highways, sec. 155, as follows: "Where there is no other evidence of dedication than mere user by the public, the presumption is not necessarily limited to the traveled path, but may be inferred to extend to the ordinary width of highways; or, if the road be inclosed with fences, to include the entire space so inclosed." And after review-

ing other leading authorities upon this same proposition, the court announced its conclusion as follows: "It would seem that the right acquired by prescription and user carries with it such width as is reasonably necessary for the reasonable convenience of the traveling public, and where the public have acquired the easement, the land subject to it has passed under the jurisdiction of the public authorities for the purpose of keeping the same in proper condition for the enjoyment thereof by the public." We think this authority fully disposes of appellant's contention upon this point.

As to the contention of the respondent that there was a statutory dedication of the 540 feet of said strip awarded by the judgment of the trial court to it, we have not carefully considered that feature of the case, for the reason that we think the evidence supports the findings and judgment of the court on the theory of a common-law dedication. However, we think from the evidence and from the findings of the court that the judgment and decree of the court might also be sustained upon that theory. There were some points presented on both sides of this case in the argument that from our view it is not deemed necessary to specifically refer to in this opinion, but we have examined the evidence and think it is sufficient to support the findings of fact made by the trial court upon the material issues presented and that its conclusions and judgment and decree should be sustained. The judgment is affirmed, and as both parties appealed, each party must pay half of the costs on this appeal.

Sullivan, C. J., concurs.