481 P.2d 401

Manuel P. SANCHEZ, Jose M. Sanchez,
Juanita S. Sena and Mary Isabel
Hoffmann, Plaintiffs-Appellees,

v.

CITY OF SANTA FE, a municipal corpora-
tion of the State of New Mexico, Pat Hol-
lis, Reynaldo V. Torres, Robert H. Beers,
Alex R. Gonzales, Albert L. Grubesic,
Richard Halford, Alfonso Larragoite, Ray-
mond G. Murphy and Morry Yashvin, De-
fendants-Appellants.

No. 9014.

Supreme Court of New Mexico.

Jan. 25, 1971.

Rehearing Denied March 3, 1971.

Dean S. Zinn, Santa Fe, for defendants-appellants.

Claude S. Sena, Santa Fe, Robinson & Stevens, Albuquerque, for plaintiffs-appellees.

Frank R. Coppler, Santa Fe, for amicus curiae Municipal League of New Mexico.

OPINION

McMANUS, Justice.

Defendant City of Santa Fe appeals from a declaratory judgment holding that certain subdivision regulations complained of by plaintiffs were unlawful and in violation of our State and Federal Constitutions.

It is undisputed that an enabling statute of the State of New Mexico was in force authorizing an ordinance regarding subdivision regulations. There was due adoption of the land subdivision regulations under said city ordinances. The portion of the Santa Fe City Ordinances pertinent hereto reads as follows:

"2. For lands being subdivided within the corporate limits of the Municipality, the Subdivider shall pay to the Municipality, prior to the approval thereof, the sum of fifty dollars ($50.00) for each lot being subdivided and intended to be used or which is zoned for use as a residential lot. Sums collected under this provision shall be placed in a separate special 'PUBLIC FACILITIES PURCHASE FUND' and shall be used by the Municipality only for the purchase or improvement of public facility sites or parts thereof, shown or generally located or otherwise indicated on or by the officially adopted master plan, and which sites are intended to serve the area being subdivided. No such purchase or improvement shall be made unless the same is approved by the City Council with the advice of the Planning Commission."

■ In their Point 1 the defendants claim that the plaintiffs failed to exhaust their administrative and other statutory remedies and urge that the complaint should have been dismissed by the trial court. We have held that the plaintiffs, having questioned the constitutional validity of the applicable statutes, ordinances and regulations, need not exhaust their administrative or statutory remedies. Sandia Savings and Loan Association v. Kleinheim, 74 N.M. 95, 391 P.2d 324 (1964).

■ The defendants' second and major point discusses the legality of requiring a $50.00 fee for each lot as a condition precedent to final plat approval. A close scrutiny of the statute involved, § 14–18–6, N.M. S.A. (1953 Comp.), does not specifically confer any right upon the municipality to exact the $50.00 fee per lot. Section 14–18–6, supra, states, among other items, that the subdivision regulations may provide for:

"(1) the harmonious development of the municipality and its environs; * *

"(3) adequate open space for traffic, recreation, drainage, light and air; and * * *

"B. Subdivision regulations may govern: * * *

"(4) other matters necessary to carry out the purposes of the Municipal Code; and * * *."

There appears to be no specific direction in the City Ordinance for the use of the money so accumulated. The language of the City Ordinance does not give assurance that the fees collected will be used to solve a problem peculiar to the land being subdivided, which in this case consists of only six lots, being lots 24 through 30 of the Miracerros Addition to the City of Santa Fe.

■ Cities exist only by virtue of statutory creation and have only such power as statutes expressly confer without resort to implication. Coronado Development Co. v. City of McPherson, Kansas, 189 Kan. 174, 368 P.2d 51 (1962); see, also, Rosen v. Village of Downers Grove, 19 Ill.2d 448, 167 N.E.2d 230 (1960). Having decided that the ordinances in question are not geared for regulation so as to make it a police power, it follows that such a fee

requirement is in the nature of a tax. The power to tax is never inferred. Haugen v. Gleason, 226 Or. 99, 359 P.2d 108 (1961).

Finally, defendant contends that the plaintiffs' first amended complaint fails to state a proper claim for relief under the New Mexico Declaratory Judgment Act, § 22–6–1, N.M.S.A. (1953 Comp.). The prerequisites of "actual controversy" warranting consideration in a declaratory judgment action are: a controversy involving rights or other legal relations of the parties seeking declaratory relief; a claim of right or other legal interest asserted against one who has an interest in contesting the claim; interests of the parties must be real and adverse; and the issue involved must be ripe for judicial determination. Marshall v. Hill, 47 Del. 478, 93 A.2d 524, 525 (1952); Vol. 2 Words and Phrases, p. 342. In the instant case the defendants required the plaintiffs to pay the fee, the plaintiffs refused to do so, and an actual controversy existed between the parties.

In the light of the foregoing it is unnecessary to further discuss constitutional aspects of this case.

The judgment of the trial court is affirmed.

It is so ordered.

COMPTON, C. J., and TACKETT, J., concur.