53 P.3d 1217

In the Matter of the Petition/Action to Determine the Constitutionality of the Indian Gaming Initiative, Proposition One.

Laird NOH; Maxine T. Bell; Paul Christensen; Pamela Eaton; and Bryan Fischer, Petitioners,

v.

Pete T. CENARRUSA, in his capacity as Idaho Secretary of State, and Ernest L. Stensgar, real party in interest, Respondents,

and

Idaho Coalition for Indian Self Reliance, Intervenor-respondent.

No. 28590.

Supreme Court of Idaho, Boise, September 2002 Term.

Aug. 28, 2002.

Moffatt, Thomas, Barrett, Rock & Fields, Chtd, Boise, for petitioners. Robert E. Bakes argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent Secretary of State. Michael S. Gilmore argued.

Givens, Funke & Work, Coeur d'Alene, for respondent Stensgar. Raymond C. Givens argued.

Nez Perce Tribe Office of Legal Counsel for intervenor-respondent Idaho Coalition for Indian Self Reliance. Rob Roy Smith argued.

Crowell Law Offices, Kirkland Washington, and Office of Tribal Attorney for Amicus Curiae Shoshone–Bannock Tribe. Scott Crowell argued.

SCHROEDER, Justice.

The Petitioners assert the Indian Gaming Initiative violates the Idaho Constitution's prohibition against gambling, violates notions of equal protection, and that it extinguishes existing debts. The Petitioners seek an order and/or writ prohibiting the Secretary of State from placing the initiative on the November, 2002 ballot. This matter is before the Court upon the petition and a motion to dismiss the petition.

## I.

## FACTS AND PROCEDURAL HISTORY

The Indian Gaming Initiative (Proposition One) has qualified to appear on the ballot in the November 2002 general election. Proposition One would create two new Idaho statutes, Idaho Code §§ 67–429B and 67–429C, which would allow Indians to continue with the same type of gambling they currently conduct under the tribal-state compact and allow the use of electronic gaming machines which the statute would specifically declare not to be slot machines or simulations of slot machines. The statutes would also allow the tribes to amend their compact with the State to allow this type of gambling.

Petitioners Laird Noh, Maxine Bell, Paul Christensen, Pamela Eaton, and Bryan Fisher filed an original action in this Court pursuant to Article III, § 19 of the Idaho Constitution, Idaho Code § 34–1809, and Article V, § 9 of the Idaho Constitution. The Petitioners seek a declaration that Proposition One violates the Idaho Constitution and a writ prohibiting Proposition One from appearing on the November ballot. The Respondents have moved to dismiss the petition. Hearings on the petition and the motion to dismiss were consolidated.

## II.

## THE PETITION DOES NOT PRESENT A JUSTICIABLE CONTROVERSY

Idaho Code § 34–1809 allows any "qualified elector" to file suit after the Attorney General has issued a certificate of review. The Petitioners are qualified electors and a certificate of review was issued on July 12,

2001.[1] The Petitioners maintain that I.C. § 34–1809 requires the Court to decide the validity of Proposition One at this time. The Secretary of State agrees with the Petitioners. The remaining respondents argue that the case is not justiciable. The standards of justiciability are set forth in *Harris v. Cassia County*, 106 Idaho 513, 516, 681 P.2d 988, 991 (1984).

> While the elements of an actual or justiciable controversy are not subject to a mechanical standard, the United States Supreme Court aptly summarized the pivotal elements of a justiciable controversy in *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937).
>
>> "A 'controversy' in this sense must be one that is appropriate for judicial determination. . . . A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."
>
> 300 U.S. at 240–41, 57 S.Ct. at 464, 81 L.Ed. at 621 (citations omitted). *See also Sanchez v. City of Santa Fe*, 82 N.M. 322, 481 P.2d 401 (1971); *Cummings Construction Co. v. School District No. 9*, 242 Or. 106, 408 P.2d 80 (1965); *Brown v. Oregon State Bar* [293 Or. 446, 648 P.2d 1289 (1982)], *supra*. We believe this federal standard provides a concise guideline for our analysis, and therefore, we will apply these criteria in conjunction with pertinent Idaho case law cited *infra*.

### A. Standing

■ Standing is a fundamental prerequisite to invoking this Court's jurisdiction. "The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated." *Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989). In order to satisfy the requirement of standing, the petitioners must "allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." *Id.* However, "a citizen and taxpayer may not challenge a governmental enactment where the injury is one suffered alike by all citizens and taxpayers of the jurisdiction." *Id.* The petitioners must "establish a peculiar or personal injury that is different than that suffered by any other member of the public." *Selkirk–Priest Basin Ass'n v. State*, 128 Idaho 831, 834, 919 P.2d 1032, 1035 (1996).

■ The following are the alleged injuries the petitioners claim exist: Petitioners Noh, Bell, and Christensen each allege that they will suffer injury because the authorized gambling will require additional funding of social services and law enforcement. These programs are under the jurisdiction of the Joint Finance and Appropriation Committee of which Bell is co-chair and Christensen is a member. Petitioner Eaton alleges she will suffer because gambling will result in increased incidents of bad checks and the inability of customers to pay bills to businesses Eaton represents as Executive Director of the Idaho Retailers Association. Petitioner Fischer argues that he will suffer injury because gambling will cause a decline in moral values and create a greater need for charitable services, placing a burden upon Fischer and his church. The petitioners argue that they "will" suffer injury if Proposition One becomes law. If Proposition One fails in November, the Petitioners will not suffer injuries. The Petitioners have not alleged an injury in fact at this point. Proposition One may not pass. Any injury suffered is speculative. At this time it is not possible to determine the accuracy of the alleged future injuries. Under traditional standards for determining standing, the petitioners do not have standing.

---

1. By the terms of I.C. § 34–1809 the validity of the proposed initiative could have been challenged in this Court at that time even though the initiative had not qualified to be on the ballot and was changed after the certificate of review was issued.

## B. Ripeness

■ The traditional ripeness doctrine requires a petitioner or plaintiff to prove 1) that the case presents definite and concrete issues, 2) that a real and substantial controversy exists, and 3) that there is a present need for adjudication. *E.g., Boundary Backpackers v. Boundary County*, 128 Idaho 371, 376, 913 P.2d 1141, 1146 (1996). This case presents the issue of whether or not Proposition One violates the Idaho Constitution. However, there is not a real controversy at this point because Proposition One is simply a proposal. It has not become a law. There is no present need for adjudication. If Proposition One does not pass, there will not be a need for an adjudication as to its validity. This case does not meet the elements of the traditional ripeness test.

## C. Idaho Code § 34–1809

While the petitioners do not meet the traditional requirements of standing and ripeness, Idaho Code § 34–1809 specifically allows them to file the present action. I.C. § 34–1809 states, in relevant part:

Any qualified elector of the state of Idaho may, at any time after the attorney general has issued a certificate of review, bring an action in the Supreme Court to determine the constitutionality of any initiative.

A "qualified elector" is defined in Idaho Code § 34–402:

Every male or female citizen of the United States, eighteen (18) years old, who has resided in this state and in the county for thirty (30) days where he or she offers to vote prior to the day of election, if registered within the time period provided by law, is a qualified elector.

There is no dispute that the attorney general has issued a certificate of review or that the petitioners are qualified electors. However, respondent Stensgar, intervenor Coalition, and amicus Tribe all argue that this code section violates the Separation of Powers doctrine contained in Article II, § 1 of the Idaho Constitution. Respondent Stensgar argues that I.C. § 34–1809 cannot create a justiciable controversy.

■ Idaho has adopted the federal justiciability requirement. *Harris* at 516, 681 P.2d 988. Federal justiciability is constitutionally based. Congress may not circumvent it. *See, e.g., Sierra Club v. Morton*, 405 U.S. 727, 732 n. 3, 92 S.Ct. 1361, 1365 n. 3, 31 L.Ed.2d 636, 641 n. 3 (1971).

Congress may not confer jurisdiction on Art. III federal courts to render advisory opinions, *Muskrat v. United States*, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246, or to entertain "friendly" suits, *United States v. Johnson*, 319 U.S. 302, 63 S.Ct. 1075, 87 L.Ed. 1413, or to resolve "political questions," *Luther v. Borden*, 7 How. 1, 12 L.Ed. 581, because suits of this character are inconsistent with the judicial function under Art. III. But where a dispute is otherwise justiciable, the question whether the litigant is a "proper party to request an adjudication of a particular issue," *Flast v. Cohen*, 392 U.S. 83, 100, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947, 961, is one within the power of Congress to determine.

Under the federal justiciability standard, Congress may determine who a "proper party" to a suit may be, but the suit must be "otherwise justiciable." *Id.*

Analogous to the present case, the Idaho Legislature passed the Declaratory Judgment Act, but this Court held that "as a general rule, a declaratory judgment can only be rendered in a case where an actual or justiciable controversy exists." *Harris* at 516, 681 P.2d 988. While I.C. § 34–1809 may be a vehicle to determine proper parties to a suit, it cannot create a justiciable controversy.

In *Associated Taxpayers of Idaho, Inc. v. Cenarrusa*, 111 Idaho 502, 725 P.2d 526 (1986), the Court determined that it would not entertain suits challenging the constitutionality of an initiative before the election took place. The petitioners in *Associated Taxpayers* challenged the constitutionality of the proposed lottery initiative. In a concurring opinion (the Court's opinion is simply an order with three concurrences and two dissents), Chief Justice Donaldson stated the following,

Petitioners' action attacking the constitutionality of the proposed initiative is pre-

mature and presents no justiciable controversy at this time. For this Court to act, "[there] must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Harris v. Cassia County*, 106 Idaho 513, 516, 681 P.2d 988, 991 (1984), *quoting Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Only if the lottery initiative passes, will its subject matter then become subject to constitutional challenge. *Oregon Education Ass'n v. Paulus*, 78 Or. App. 32, 714 P.2d 1060 (1986); *Union Electric Co. v. Kirkpatrick*, (Mo.1984), 678 S.W.2d 402; *State ex. rel Walter v. Edgar*, 13 Ohio St.3d 1, 469 N.E.2d 842 (1984); *McKee v. City of Louisville*, 200 Colo. 525, 616 P.2d 969 (1980). Until this future event occurs, we cannot do what petitioners ask of us.

*Id.* at 502–03, 725 P.2d at 526–27. The concurring opinion also stated, "any action by the Court is premature, ignores the Doctrine of Separation of Powers, and thwarts and interferes with the peoples' right to exercise their franchise which is the most fundamental and cherished right of the people." *Id.* at 503, 725 P.2d at 527. Justice Shepard concurred: "In my view it is exceedingly dangerous for this Court, or any court, to interfere with the legislative *process*. ... I find no precedent for this Court prohibiting the voters from expressing their opinions at the polls." *Id.* at 503–04, 725 P.2d at 527–28.

The opinions in *Associated Taxpayers* make it clear that the lawsuit was premature and not justiciable. The Petitioners argue that I.C. § 34–1809 is a response to *Associated Taxpayers*, and the case is, therefore, irrelevant.

■ The Petitioners and Secretary of State both cite cases in which this Court has entertained initiative cases before the initiative appeared on the ballot, and therefore the Court has accepted jurisdiction in the past. *See, e.g., Buchin v. Lance*, 128 Idaho 266, 912 P.2d 634 (1995); *ACLU v. Echohawk*, 124 Idaho 147, 857 P.2d 626 (1993); *In Re Idaho State Fed'n of Labor*, 75 Idaho 367, 272 P.2d

707 (1954); *Girard v. Miller*, 55 Idaho 430, 43 P.2d 510 (1935). However, none of these cases dealt with the justiciability issues present in this case, and none of these cases involved the constitutionality of a proposed initiative. These cases concern ballot titles which the petitioners claimed were misleading. Had justiciability been challenged in those cases it could easily have been found— the ballots themselves would be misleading, which would create a current problem necessary for court action before the election. There would have been no practical remediation if an election were conducted with misleading ballots. That is not the case in this instance. Harm to the Petitioners will occur only if Proposition One passes. If that occurs, remediation is possible, if the initiative violates the Idaho Constitution.

The Petitioners also rely on *Weldon v. Bonner County Tax Coalition*, 124 Idaho 31, 855 P.2d 868 (1993), which looked to *Gumprecht v. City of Coeur d'Alene*, 104 Idaho 615, 661 P.2d 1214 (1983). Both *Gumprecht* and *Weldon* precluded the voters from considering the initiatives. *Weldon* and *Gumprecht* dealt with county initiatives that overreached the authority for such initiatives because state statutes defined the processes the initiatives sought to effect. The initiative process itself was flawed because the county initiatives could not change processes determined by state legislation. The subject matter was beyond the scope of the county initiative process. On the other hand *Associated Taxpayers* dealt with a statewide initiative on a subject appropriate for the initiative process, though the substance of the initiative might violate the state Constitution. Arguably a voter defeat of the initiatives in *Gumprecht* and *Weldon* would have eliminated any need for an adjudication. Nonetheless, the cases draw the distinction—if the subject matter of the initiative is reserved to another government unit, there is a justiciable controversy.

There are two lines of authority—the *Gumprecht, Weldon* approach which allows a challenge to the county initiative process and the *Associated Taxpayers* approach which will not interfere with the right to vote on an initiative when it deals with a statewide mea-

sure that would be subject to legislative action. For purposes of the Court's analysis in this case, the *Associated Taxpayers* rationale is applicable. This is a statewide initiative on a subject in serious controversy. There is no challenge to the process by which the initiative has been qualified to be on the ballot or that the subject matter is beyond the reach of an initiative. If the initiative passes there will most certainly be a justiciable controversy. If the initiative fails there will be nothing to adjudicate. The reasoning in the three concurring opinions in *Associated Taxpayers* is applicable in this case. Accordingly, there is no justiciable controversy at this time. Idaho Code § 34–1809 cannot compel the Court to decide a case that lacks a judiciable controversy.

## III.

## CONCLUSION

The petition to determine the constitutionality of the Indian Gaming Initiative, Proposition One, is dismissed. The Respondents are awarded costs. No attorney fees are allowed.

Justices WALTERS, EISMANN and Justice Pro Tem SCHWARTZMAN concur.

Justice KIDWELL, specially concurring.

The majority finds that this case is not justiciable on traditional grounds of standing and ripeness and that Idaho Code § 34–1809 (2002) cannot compel this Court to decide a case that lacks an otherwise justiciable controversy. I concur fully in the analysis of the majority opinion, however, I believe that there are broad public policy and constitutional grounds that should be the basis for this Court to allow the initiative process to proceed. This Court should not interfere with the initiative process established by Article III, Section 1, of the Idaho Constitution, just as it should not interfere with the legislative process of the Legislature of the State of Idaho. Also, I would go further than the majority and find Idaho Code § 34–1809 constitutionally infirm because it violates the doctrine of separation of powers set forth in Article II, Section 1, of the Idaho Constitution.

Article III, Section 1, of the Idaho Constitution states that:

> The people reserve to themselves the power to propose laws, and enact the same at the polls independent of the legislature. This power is known as the initiative, and legal voters may, under such conditions and in such manner as may be provided by acts of the legislature, initiate any desired legislation and cause the same to be submitted to the vote of the people at a general election for their approval or rejection.

*Id.* This Court has recently determined that the legislature may not interfere with the initiative process. *Gibbons v. Cenarrusa,* Docket No. 28408, 2002 WL 834149 at *4, —— Idaho ——, ——, —— P.3d ——, —— (May 3, 2002). Similarly, the judicial branch of government, a branch of the government on equal constitutional footing with the Legislature, should not interfere with the initiative process. For this Court to decide the constitutionality of an initiative prior to the voters deciding whether to adopt it as law would be similar to this Court deciding the constitutionality of legislatively proposed legislation. Whether in the context of an initiative or legislation under consideration by the Legislature, I would suggest that Justice Shepard was correct when he stated that "it is exceedingly dangerous for this Court, or any court, to interfere with the legislative process." *Assoc. Taxpayers of Idaho v. Cenarrusa,* 111 Idaho 502, 503, 725 P.2d 526, 527 (1986) (Shepard, J., concurring).

Idaho Code § 34–1809 states in part that "[a]ny qualified elector of the state of Idaho may, at any time after the attorney general has issued a certificate of review, bring an action in the Supreme Court to determine the constitutionality of any initiative." *Id.* This clause of the statute instructs this Court to consider controversies that would not otherwise be justiciable. Article II, Section 1, of the Idaho Constitution states that:

> [t]he powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments

shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted.

*Id.* The Legislature's instruction to this Court to hear controversies that would not otherwise be justiciable constitutes an exercise of a power properly belonging to this Court that the legislature is not constitutionally permitted to exercise. The majority acknowledges that the legislature cannot create a justiciable controversy where none exists. I believe we should take the next step and find unconstitutional the relevant clause of I.C. § 34–1809.