# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38154

PADDISON SCENIC PROPERTIES,
FAMILY TRUST, L.C.,

    Plaintiff-Appellant,

v.

IDAHO COUNTY, a political subdivision of
the State of Idaho; KIDDER-HARRIS
HIGHWAY DISTRICT, a body politic and
corporate of the State of Idaho,

    Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Lewiston, May 2012 Term

2012 Opinion No. 76

Filed:  May 25, 2012

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Second Judicial District of the State of Idaho, Idaho County.  Hon. Jeff M. Brudie, District Judge.

The judgment of the district court is <u>vacated</u>.

Magyar, Rauch & Thie, PLLC, Moscow, and David R. Paddison, Covington, Louisiana, for appellant.  David R. Paddison argued.

Sherer & Wynkoop, LLP, Meridian, for respondent Kidder-Harris Highway District.  David E. Wynkoop argued.

Kirk A. MacGregor, Idaho County Prosecuting Attorney, Grangeville, for respondent Idaho County.

---

J. JONES, Justice.

This case involves the ownership status of Coolwater Ridge Road in Idaho County.  The predecessors in interest of appellant Paddison Scenic Properties, Family Trust, L.C. (Paddison) granted rights of way to the United States of America for a road, which became Coolwater Ridge Road.  In the district court, Paddison sought a declaratory judgment that the rights of way do not constitute a public road or highway under Idaho law. That court held that the rights of way are public because the criteria for common law dedication were met. We vacate the district court's judgment because this case is not ripe for adjudication.

1

## I.
## BACKGROUND

In 1931, Paddison's predecessors in interest, Alberta and Lichty Krahn and Mary Reed, granted the United States of America fifty-foot-wide road rights of way over their respective parcels in Idaho County. The Krahns and Reed deeded the rights of way "for the construction repair, maintenance, and operation of a common, main, or State public highway and as a connecting link in the . . . Coolwater Ridge Project." The Coolwater Ridge Project was an undertaking by the U.S. Department of Agriculture, apparently for access to and management of U.S. National Forest lands. Forest Supervisor J.F. Brooks recorded the deeds in Idaho County on February 24, 1932. The rights of way are now part of Forest System Road Number 317, Coolwater Ridge Road. Coolwater Ridge Road is a narrow dirt road that crosses Paddison's property, which comprises the parcels the Krahns and Reed used to own, and connects the Selway River Road to the National Forest. Respondent Kidder-Harris Highway District maintains the Selway River Road. The U.S. Forest Service maintains and operates Coolwater Ridge Road. Although Coolwater Ridge Road is within Idaho County and the Highway District's boundaries, there is no record of the Highway District or Idaho County ever maintaining or improving the road.

Central to this matter, the Krahns' and Reed's deeds included the following language: "The [grantees] do also hereby dedicate the said right of way to the general public for all road and highway purposes provided for in the laws of the State of Idaho." Paddison sought a declaratory ruling from the district court that the rights of way were not part of a public road under Idaho law, even though the rights of way were open to the public by virtue of the federal easement. Paddison contends that despite its predecessors' apparent intent to dedicate a public road, neither the County nor the Highway District accepted the offer to dedicate, so there is no public road or highway over the Paddison land under Idaho law. The district court did not address the federal government's interest in the rights of way, nor did it consider "any federal public right of access." Indeed, the court asserted that it was without jurisdiction to consider either of those issues. But the court did conclude that Idaho's common law dedication requirements were met, and it therefore denied Paddison's requested relief, holding the rights of way were part of a public road. Paddison timely filed this appeal.

## II.
## ANALYSIS

It is unclear from the record why Paddison pursued this action. There is no apparent dispute with the United States or with either of the respondents. In fact, it is uncontroverted that Coolwater Ridge Road is maintained by the U.S. Forest Service as part of the National Forest Road System. There is no contention that the Highway District or County seek to manage the road, let alone inconsistently with the United States' present management. As Terry Agee, Road Foreman for the Highway District explained, "The District considers the Coolwater Ridge Road to be a Forest Service road," and the "District desires that the interests of the public be upheld with respect to the use of the Coolwater Ridge Road." The district court held that the rights of way are part of a public road under Idaho's common law dedication rules.

The district court recognized: "the parties agree that the there was a clear and unequivocal intent on the part of landowners Reed and Krahn in 1931 to dedicate the property at issue for a public use roadway." The court concluded that, in light of *Thiessen v. City of Lewiston*, 26 Idaho 505, 144 P. 548 (1914), the long-time public use of Coolwater Ridge Road constituted public acceptance of the dedication. Thus, the court determined the rights of way constituted a public highway under Idaho law.

On appeal, Paddison acknowledges *Thiessen's* holding and agrees that it stands for the proposition that public use is sufficient to accept a public road dedication. But Paddison argues that *Thiessen* "appears to be at odds with modern case law that requires some express act of the appropriate governing body . . . to constitute acceptance of a dedication." Paddison thus contends that the County and the Highway District failed to formally accept the dedication by some affirmative act, so the road cannot be a public highway. Paddison asserts that whether the rights of way were dedicated for a public highway hinges on the requirements of the road creation statutes in effect around the time of the grants. It focuses on one recognized formality for accepting road dedication: public use and maintenance. Paddison argues that the public's use of the Coolwater Ridge Road has been sporadic, and that any maintenance of the rights of way in question was not performed at the expense of the public. Paddison therefore maintains that the road cannot be a public highway.

The County and the Highway District counter that Paddison's argument conflates common law and statutory dedication. They reiterate the distinction between the two dedication theories,

and they urge us to follow the district court's decision.

The Highway District is correct that Idaho law recognizes both common law and statutory road dedication. *Farrell v. Bd. of Comm'rs, Lemhi Cnty.*, 138 Idaho 378, 384, 64 P.3d 304, 310 (2002); *Worley Highway Dist. v. Yacht Club of Coeur d'Alene, Ltd.*, 116 Idaho 219, 222, 775 P.2d 111, 114 (1989). This Court has held that common law dedication can occur even when statutory dedication, based on statutes in effect at the time of the alleged dedication, fails. *See Worley Highway Dist.*, 116 Idaho at 224, 775 P.2d at 116. "The essential elements of a common law dedication of land are (1) an offer by the owner, clearly and unequivocally indicated by his words or acts evidencing his intention to dedicate the land to a public use, and (2) an acceptance of the offer by the public." *Id.* (quoting *Pullin v. Victor*, 103 Idaho 879, 881, 655 P.2d 86, 88 (Ct. App. 1982)) (internal quotation marks omitted). We have long understood that public acceptance of a road dedication requires no specific formality. *See Thiessen v. City of Lewiston*, 26 Idaho 505, 513, 144 P. 548, 550 (1914). Indeed, the Court has explained that public use of a dedicated easement constitutes acceptance: "User by the public is a sufficient acceptance of a dedication for the purpose of a way to invest a right of way to the public." *Id.* (citing several cases from other jurisdictions) (internal quotation marks omitted). *Accord Pugmire v. Johnson*, 102 Idaho 882, 884–85, 643 P.2d 832, 834–35 (1982) (citing *Thiessen*). *Thiessen*, though nearly one hundred years old, has not been overruled or even called into question.

In *Thiessen*, two landowners each orally dedicated, for public use, adjacent twenty-five foot wide, 665-foot long rights of way across their respective parcels. 26 Idaho at 509–10, 144 P. at 549. The public used and traveled along 540 feet of the length of the rights of way, but no one made use of a 125-foot strip at the end of the dedicated easements. *Id.* at 510, 144 P. at 549. In other words, the public used some, but not all, of the dedicated rights of way for a highway. *Id.* The Court held that the public had accepted the length of the rights of way it used, and that the width of the public highway was equal to the fifty-foot width of the dedication, whether the public actually used the whole width or not. *Id.* at 514–15, 144 P. at 551. But the Court concluded that the 125-foot length of the dedications that was never used, and which became separated from the publically used portion by a fence and telephone poles, was not accepted. *Id.* Importantly, the Court recognized that the public could accept, through use alone, a portion of a dedicated right of way necessary for travel; and that once the dedication was accepted, the servient estate owner has no right to obstruct the public's use of the road. *Id.*

4

In this case, the parties all agree, and the district court found, that Paddison's predecessors unequivocally intended to dedicate the rights of way to the public use, as evidenced by the language in their deeds to the United States. The public has used Coolwater Ridge Road, including the rights of way in issue, since at least the 1960s—first on foot and horseback, then by motorized vehicle. Paddison contends that the public's use is seasonal and perhaps limited by the U.S. Forest Service's and Paddison's gates on the road. As *Thiessen* makes clear, however, an unequivocal intent to dedicate a right of way, coupled with public use of the same, satisfies the common law dedication requirements.

Even though the facts tend to support a common law dedication, Paddison has not articulated a justiciable controversy. Idaho courts will only issue declaratory judgments in actions that are ripe for adjudication. *See Wylie v. State, Idaho Transp. Bd.*, 151 Idaho 26, 31, 253 P.3d 700, 705 (2011) (discussing the requirements for a justiciable controversy). "Ripeness asks whether there is any need for court action at the present time." *Miles v. Idaho Power Co.*, 116 Idaho 635, 642, 778 P.2d 757, 764 (1989). "The traditional ripeness doctrine requires a petitioner or plaintiff to prove 1) that the case presents definite and concrete issues, 2) that a real and substantial controversy exists, and 3) that there is a present need for adjudication." *Noh v. Cenarrusa*, 137 Idaho 798, 801, 53 P.3d 1217, 1220 (2002).

There is no present need for adjudication in this case. The parties agree that the public enjoys access over the road because the United States owns and maintains it as part of the National Forest Road System. Neither the County nor the Highway District—the only defendants in this action—has taken an interest in managing the road. Nor is there any controversy among or between Paddison, the United States, the County, and the Highway District regarding the road's management. Counsel for Paddison and the Highway District conceded as much during oral argument. In short, there is no reason to think that the *status quo* would change, even if Paddison were to prevail.

The deeds granting the rights of way both reserve a right of reverter, but the condition subsequent for reverter is not alleged, nor do the facts support its application. The deeds provide:

> [I]f, at any time [after the grant], the said right of way shall be discontinued by the properly constituted authorities in such matters for all purposes as a public road, then the said easement covered by the said right of way shall revert to the said parties of the first part, their heirs, successors, administrators, or assigns.

Paddison does not contend that the road has fallen out of public use, nor does anything in the

record suggest that the "properly constituted authorities"— which, presumably, is the U.S. Forest Service—have discontinued the rights of way as a public thoroughfare. Accordingly, there is no argument that Paddison could reclaim exclusive access to the road by virtue of a reversionary interest. Thus, regardless of the outcome of this case, Paddison will have no greater claim to the road than it presently has. This case is simply not ripe for adjudication and therefore must be dismissed.

### III.
### ATTORNEY FEES

Both Paddison and the Highway District seek attorney fees on appeal under I.C. § 12-117, which provides for fees to the prevailing party in civil actions involving political subdivisions of the State and private parties, if the losing party "acted without a reasonable basis in fact or law." I.C. §§ 12-117(1). Although the Respondents have prevailed from an overall standpoint, it cannot be said that Paddison acted without a reasonable basis in fact or law. Indeed, neither side argued the issue upon which the appeal was decided. Thus, we decline to find that the requirements for a fee award under I.C. § 12-117 have been met.

### IV.
### CONCLUSION

We vacate the district court's judgment and dismiss this case because the issue presented for decision is not ripe for adjudication. We deny the parties' requests for attorney fees, but we award costs to the County and Highway District.


Chief Justice BURDICK, and Justices EISMANN, W. JONES and HORTON CONCUR.