*293 HORTON, Justice.
Washington Trust Bank (WTB) was the trustee of the trust created by Althea Bowman’s last will and testament. Althea’s four surviving children are the trust beneficiaries. Three of these beneficiaries argued to the district court that the Trustee exceeded its authority by securing, with a deed of trust encumbering a commercial property held by the trust, funds advanced to the fourth beneficiary. In this transaction, separate divisions of WTB acted as trustee (Trustee) and as the beneficiary of the deed of trust (Lender).[1] The district court granted summary judgment in favor of the Trustee. Two of the beneficiaries appeal. We affirm the district court’s order of dismissal.
I.FACTUAL AND PROCEDURAL BACKGROUND
Teresa Blankenship (Teresa), Ryan Bowman (Ryan), Erie Bowman (Eric), and William Bowman (William) are the beneficiaries of a trust established by the last will and testament of them mother, Althea Lorraine Bowman. The trust instrument provides that “The trust estate shall be divided into equal shares, one share for each of my surviving children and one share for each deceased child of mine with surviving descendants.” It also provides that:
Each share for a surviving child of mine shall be managed and distributed in trust for the child as follows:
1. During the term of this Trust, the Trustee shall pay to the child all of the current net income of the child’s trust.
2. Whenever the Trustee determines that the income of any child of mine from all sources known to the Trustee is not sufficient for his or her support, health, maintenance, and education, the Trustee shall pay to the child or use for his or her benefit so much of the principal of the child’s trust as the Trustee determines to be reasonable for those purposes.
3.When any child of mine reaches the age of sixty (60) years, the Trastee shall distribute to the child the balance of his or her trust.
The trust instrument expressly recognizes that the Trustee possesses the duties, powers, and rights imposed and granted by law, as well as additional powers, including the power to make distributions to any beneficiary, and the power to loan trust funds to any beneficiary if the beneficiary encountered a financial emergency that he or she could not meet from his or her own resources.
The Trustee made several advances to Ryan totaling $147,559.24. In January 2007, the Trustee notified all of the beneficiaries that it intended to sell one or two of the trust’s commercial properties in order to obtain funds for their support. In April 2007, Teresa petitioned to remove the Trastee, asserting that it had committed waste by “lending other beneficiaries outside of what is permitted” and managing trust properties such that profits were not maximized. Teresa also moved for an injunction prohibiting WTB from selling trust property.
On August 6, 2007, Trustee vice president Susan Kuzma (Kuzma) executed a promissory note providing that “Althea Bowman T/U/W[2] FBO Ryan Bowman (‘Borrower’) promises to pay to WASHINGTON TRUST BANK (‘Lender’) ... $147,559.24.” On that date, Kuzma also acted on behalf of the Ryan Bowman trust and secured the promissory note by executing, for Lender’s benefit, a deed of trust. The deed of trust was for a parcel of real property owned by the trust and located in Bonner County.
On August 27, 2008, Teresa filed an amended petition that added a complaint for damages, alleging that the Trustee had negligently operated the trust and breached its duty of loyalty to Teresa. On September 10, 2008, the court granted the Trustee’s motion for leave to resign as trustee, and on October 23, 2008, the court entered an order appointing a third party as trustee.[3] On November *294 12, 2008, the court granted William’s motion to intervene. On January 29, 2009, the Trustee moved for summary judgment, asserting that its resignation mooted both Teresa’s request for its removal and her request for an injunction preventing the Trustee from selling the trust’s real property. It also argued that Teresa lacked standing to object to the advances to Ryan Bowman’s trust and the encumbrance upon it, that the Trustee had lawfully exercised its powers in managing the trust, and that the Trustee was not negligent in operating the trust. Finally, the Trastee argued that William should be dismissed from the action for failure to file a particularized pleading.
Before the March 2, 2009, hearing on the summary judgment motion, William filed a complaint alleging the Trustee had breached its fiduciary duties by “executing a self-serving promissory note on behalf of RYAN BOWMAN ... and securing] said promissory note by executing a self-serving deed of trust against” trust property, and also by “placing] a lien on trust assets for the benefit of a single beneficiary without the express written consent and approval of all other beneficiaries.” William’s complaint sought a preliminary injunction preventing sale of the real property, an order quieting title to the real property encumbered by the deed of trust, damages for the Trustee’s alleged breach of fiduciary duties and negligent operation of the trust, and attorney fees and costs.
The court ruled from the bench at the summary judgment hearing and requested that counsel to the Trustee draft the order. That order was entered on March 9, 2009, and provides in relevant part as follows:
IT IS HEREBY ORDERED that:
1.WTB’s first request for summary judgment is hereby granted and Petitioner’s and Intervenors’ request for an order for removal of WTB as Trustee is dismissed;
2. WTB’s second request for summary judgment is hereby granted and Petitioner’s and Intervenors’ request for a preliminary injunction prohibiting WTB, acting as Trustee, from selling real property held by the children’s trusts is dismissed;
3. WTB’s third request for summary judgment is denied as genuine issues of material fact exist as to whether Petitioner and Intervenor[s] lack standing to claim negligence damages for the advance of funds to Ryan Bowman’s Trust and recording of a Deed of Trust against the undivided )4 interest in the real property held by Ryan Bowman’s Trust is not dismissed.
4. WTB’s fourth request for summary judgment is hereby granted and Petitioner’s and Intervenors’ claims of damages purportedly caused by the advance of funds to Ryan Bowman’s Trust and the recording of a Deed of Trust against the undivided % interest in the real property held by Ryan Bowman’s Turst [sic] is dismissed because such action is authorized by the Last Will and Testament and Idaho law.
5. WTB’s fifth request for summary judgment is hereby denied and Petitioner’s and Intervenors’ claim of damages based upon WTB’s purported negligent operation of the Trusts is not dismissed.
6. WTB’s sixth request for summary judgment is hereby denied and Intervenor WILLIAM MICHAEL BOWMAN is not dismissed.
On March 12, 2009, William and Eric (collectively “the Bowmans”) filed a first amended complaint that added Eric as an intervenor and removed the prayer for damages for the Trustee’s breach of fiduciary duties and negligent operation of the trust.[4] Although trial was set for March 16, 2009, trial did not occur. Instead Teresa dismissed her claims based on a settlement agreement that she had reached with the Trustee that morning. The Bowmans informed the court they did *295 not intend to participate in trial, but instead sought simply to preserve their right to appeal the court’s earlier grant of summary judgment. The court entered an order dismissing Teresa’s claims on May 5,2009.
In the meantime, the Trustee moved to dismiss the Bowmans’ first amended complaint. When the district court addressed that motion, it reasoned that:
WTB is entitled to have its Motion to Dismiss First Amended Complaint of Intervenors granted ... because [the Bow-mans] have not proven a set of facts which would entitle them to the relief sought. [The Bowman’s] “relief sought” in their First Amended Complaint of Intervenors is very limited, filed only to keep their claim of standing alive, and to seek appeal of this Court’s ruling on summary judgment.
The district court thus granted the Trustee’s motion to dismiss. On the same day, the court entered final judgment dismissing all claims against the Trustee. The Bowmans timely appealed.
II. STANDARD OF REVIEW
“On appeal from the grant of a motion for summary judgment, this Court applies the same standard used by the district court originally ruling on the motion.” Mackay v. Four Rivers Packing Co., 145 Idaho 408, 410, 179 P.3d 1064, 1066 (2008) (citing Carnell v. Barker Mgmt., Inc., 137 Idaho 322, 326, 48 P.3d 651, 655 (2002)). “The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” I.R.C.P. 56(c).
III. ANALYSIS
The Bowmans appeal the following portion of the summary judgment order entered in the Trustee’s favor:
WTB’s fourth request for summary judgment is hereby granted and Petitioner’s and Intervenors’ claims of damages purportedly caused by the advance of funds to Ryan Bowman’s Trust and the l’ecording of a Deed of Trust against the undivided % interest in the real property held by Ryan Bowman’s Turst [sic] is dismissed because such action is authorized by the Last Will and Testament and Idaho law.
The Trustee asserts that the Bowmans lack standing to assert their claims because the trust established four distinct and independently managed shares, and thus the Trustee’s conduct with regard to Ryan’s one-quarter trust interest did not affect the Bow-mans’ distinct interests. Although the Trustee did not cross-appeal the district court’s denial of its motion for summary judgment on this issue, it cites Beach Lateral Water Users Assoc. v. Harrison, 142 Idaho 600, 603, 130 P.3d 1138, 1141 (2006), for the proposition that standing is a jurisdictional issue that may be raised at any time. (Citing Van Valkenburgh v. Citizens for Term Limits, 135 Idaho 121, 124, 15 P.3d 1129, 1132 (2000); Hoppe v. McDonald, 103 Idaho 33, 35, 644 P.2d 355, 357 (1982)). The Trustee argues that the Bowmans lack standing because they have not suffered and will not suffer any damages. Alternatively, the Trustee contends that even if there is a possibility that the Bowmans will suffer damage, them claim at present is merely speculative. The Trustee thus challenges both the Bowmans’ standing to assert their claims and the ripeness of those claims.
A. The Bowmans lack standing to challenge the Trustee’s conduct.
This Court must address jurisdictional issues, even if they were neither raised before, nor addressed by, the trial court. Beach Lateral Water Users Assoc., 142 Idaho at 603, 130 P.3d at 1141. Jurisdictional issues include matters of justiciability including standing, ripeness, and mootness. State v. Rhoades, 120 Idaho 795, 802, 820 P.2d 665, 672 (1991); Wylie v. State, Idaho Transp. Bd., 151 Idaho 26, 31-32, 253 P.3d 700, 705-06 (2011). “The essence of the standing inquiry is whether the party seeking to invoke the court’s jurisdiction has ‘alleged such a personal stake in the outcome of the controversy as to assure the concrete adversariness which sharpens the presentation upon which *296 the court so depends for illumination of difficult constitutional questions.’ ” Miles v. Idaho Power Co., 116 Idaho 635, 641, 778 P.2d 757, 763 (1989) (quoting Duke Power Co. v. Carolina Env. Study Group, 438 U.S. 59, 72, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595, 610 (1978)).
In the present case, Althea Bowman’s last will and testament included language creating a trust for the benefit of her descendants. The trust estate consists of Althea’s residuary estate, which is to “be divided into equal shares, one share for each of my surviving children and one share for each deceased child of mine with smviving descendants.” The trust provides:
Each share for a surviving child of mine shall be managed and distributed in trust for the child as follows:
1. During the term of this Trust, the Trustee shall pay to the child all of the current net income of the child’s trust.
2. Whenever the Trustee determines that the income of any child of mine from all sources known to the Trustee is not sufficient for his or her support, health, maintenance, and education, the Trustee shall pay to the child or use for his or her benefit so much of the principal of the child’s trust as the Trustee determines to be reasonable for those purposes.
3. When any child of mine reaches the age of sixty (60) years, the Trastee shall distribute to the child the balance of his or her trust.
We hold that the plain language of the trust document provides that each of Althea’s four suiviving children are beneficiaries of separate trusts, with each trust’s property consisting of one-quarter of Althea’s residuary estate. In other words, the Trustee manages four distinct trusts for the benefit of four distinct beneficiaries.
Given this plain language, we agree with the Trustee’s assertion that the conduct complained of by the Bowmans affected only the Ryan Bowman trust, while it left the trusts of the other beneficiaries unaffected. As such, the other beneficiaries have not “alleged such a personal stake in the outcome of the controversy as to assure the concrete adversariness which sharpens the presentation upon which the court so depends for illumination of difficult constitutional questions.” Miles, 116 Idaho at 641, 778 P.2d at 763 (citing Duke Power Co. 438 U.S. at 72, 98 S.Ct. at 2630, 57 L.Ed.2d at 610). We hold that the Bowmans lacked standing to bring this action, and we therefore affirm the district court’s order dismissing this action.
B. The Bowmans’ claims are not ripe.
The Bowmans contend that if Ryan defaults on the promissory note, the Trustee may foreclose the deed of trust on Ryan’s one-quarter undivided interest in the trust’s commercial property, subsequent to which an I.C. § 6-501 action to partition that property may be initiated. They suggest that partition of the trust property will necessarily involve a sale of the whole, thus affecting their distinct undivided one-quarter interests therein.
We do not need to determine whether the Bowmans would have standing to challenge an action to partition the trust property, as no such action is presently pending, and therefore the Bowmans’ claim is not ripe. “The traditional ripeness doctrine requires a petitioner or plaintiff to prove 1) that the case presents definite and concrete issues, 2) that a real and substantial controversy exists, and 3) that there is a present need for adjudication.” Noh v. Cenarrusa, 137 Idaho 798, 801, 53 P.3d 1217, 1220 (2002) (citing Boundary Backpackers v. Boundary Cnty., 128 Idaho 371, 376, 913 P.2d 1141, 1146 (1996)). Here, there is no present need for adjudication because there is no pending action to partition and sell the trust property. Ryan may not default on his promissory note — indeed, the Bowmans point to no evidence in the record that suggests Ryan is likely to default. Further, if Ryan does default, leading to foreclosure of the mortgage, the holder of the foreclosed interest may prefer to receive the property’s rental proceeds rather than seek a sale of the property. We therefore conclude that the Bowmans’ claims are not ripe.
*297 IV. CONCLUSION
We affirm the district court’s order dismissing all claims against the Trustee because the Bowmans lack standing and they assert claims that are not ripe. Costs to WTB.
Chief Justice BURDICK and Justices EISMANN and W. JONES Concur.

.Herein, WTB is referred to as "Trustee” where it acted as trustee of the Althea Bowman trust, and as "Lender" where it acted as the lender under the promissory note.

. Kuzma testified that "T/U/W” stands for "trust under the will.”

. Although these events brought WTB’s tenure as trustee to an end, it is referred to as Trustee throughout this opinion because of its role *294 throughout the events that gave rise to this lawsuit.

. The district court held that although Eric did not become a party to the suit until after entry of the order regarding summary judgment, Eric’s complaint related back to Teresa’s complaint such that he had standing to appeal the court’s grant of summary judgment